**HIRSH v. ADAIR et al.**

No. 15283.

United States District Court
E. D. Pennsylvania.

June 17, 1953.

Lemuel B. Schofield, Philadelphia, Pa., for plaintiff.

Joseph G. Hildenberger, U. S. Atty., Philadelphia, Pa., for defendants.

GRIM, District Judge.

Plaintiff has filed this action asking for a restraining order, an injunction and a declaratory judgment. On the day the action was filed a restraining order was issued, which order has been continued from time to time, so that it still is in force.

Plaintiff is a registrant under The Universal Military Training and Service Act, 50 U.S.C.A.Appendix, § 451 et seq., with Local Board No. 136 of Philadelphia. On December 19, 1951, upon receipt of a doctor's certificate that his wife was pregnant, the Local Board reclassified the registrant from 1A to 3A. This reclassification was made as a matter of discretion by the Local Board since pregnancy of a wife does not by itself entitle a registrant to a 3A classification. The Board, if it had chosen to do so, could have waited until the termination of the pregnancy to reclassify the registrant from 1A to 3A. In February, 1952, the registrant's wife had a miscarriage. Within two months after the miscarriage the wife again became pregnant. The registrant did not notify the Local Board of the miscarriage or of the second pregnancy.

On December 3, 1952, having received no answer to communications addressed to the registrant, the Local Board, knowing nothing about the second pregnancy, reclassified the registrant to 1A. On January 9, 1953, the Board, still not knowing of the second pregnancy, sent the registrant a notice to report for induction on January 21, 1953. On January 11, 1953, plaintiff's wife gave birth to a child. The registrant at all times has maintained a bona fide family relationship with this child in his home. On January 13th the registrant, in writing, notified the Board of the birth of the child and requested that his induction be postponed. This was the first time the Board knew of the birth of the child or of the second pregnancy. Some time in February, 1953, the registrant submitted a formal written request, with an affidavit, that he be reclassified to class 3A, giving as his reason the birth of the child and the hardship that would result to his family if he were inducted. The Local Board refused the registrant's request for reclassification and continued him in class 1A. The date specified for the registrant to report for induction having been postponed from time to time, the induction was formally fixed for May 25, 1953. The registrant having appealed without success to the State Director of Selective Service filed this action on May 23, 1953.

When the registrant was classified 1A on December 3, 1952, by the Local Board there were three things he could have and should have done to protect himself. (1) Within ten days after December 3, 1952, he could have requested the Local Board, supported by a proper certificate, to reclassify him to 3A, because of his wife's pregnancy at that time. (2) He could have taken an appeal to the Appeal Board from the 1A classification requesting from the Appeal Board a 3A classification, because of his wife's pregnancy. (3) He could have requested from the Local Board and then the Appeal Board (if the Local Board had turned him down) that the time to appeal from his 1A classification be extended from the usual time of ten days after the giving of the 1A classification to a reasonable time (probably ten days) after the result of the pregnancy should be known. The registrant took none of these three steps. If he had been successful in any one of these steps no notice of induction would have been sent to him. If the Local Board, following his request, had reclassified him to 3A he would not be inducted. If the Appeal Board had sustained his appeal and had reclassified him to 3A he would not be inducted. If either the Local Board or the Appeal Board had extended the time for appeal until after the termination of the pregnancy [1] the registrant after the birth of the child upon appeal to the Appeal Board would automatically have been entitled to a 3A classification, since Section 1622.30 of the Selective Service Regulations provides:

"(a) In Class III-A *shall* be placed any registrant who has a child or children with whom he maintains a bona fide family relationship in their home." (Emphasis supplied.)

Here is a situation where a registrant violated one of the fundamental provisions of the Selective Service Regulations [2] in that he failed to report to his Local Board an important change in his circumstances, namely, the miscarriage of his wife, which terminated a pregnancy on which his 3A classification had been based. This period in which he failed to report his change of circumstances extended from February, 1952, when the miscarriage took place, to January 13, 1953, when the registrant notified the Board of the birth of the child. Despite the generosity of the Local Board in giving him a 3A classification, based on the pregnancy, when it could have waited until the termination of the pregnancy to do this to see whether or not a child would be born, the registrant for eleven months

[1]. To be consistent the induction would also have been postponed to this time.

[2]. "Sec. 1625.11 * * * (b) Each classified registrant * * * shall, within 10 days after it occurs, report to the local board in writing any fact that might result in the registrant being placed in a different classification such as, but not limited to, any change in his occupational, marital, military or dependency status, or in his physical condition."

118

deceived the Local Board by not notifying it of the change of his circumstances—the miscarriage.

It appears that probably the registrant realized that if he had notified the Local Board of the miscarriage he would have been put into class 1A immediately and, therefore, he withheld this information. It appears that the registrant probably realized, also, that if he had notified the Board that his wife was pregnant again within two months of the miscarriage the Local Board might have treated the new pregnancy as an effort to escape induction and in its discretion would have refused a reclassification to 3A based on the new pregnancy.

██ Obviously the registrant has not been entirely honorable in his dealings with his Local Board. Because of his actions the entire Selective Service System, from the Local Board to the State Director, is firm in its position that the registrant must now be inducted. In their stand, under these circumstances, no court, particularly a court of equity, should overrule them. Plaintiff is in a court of equity when he asks for a restraining order and an injunction. He is in a court of law when he asks for a Declaratory Judgment, but in my opinion equitable principles should be applied in this legal (as contrasted with the equity action) declaratory judgment proceeding.

Also, as a matter of justice and equity, this court should not grant the plaintiff relief, since he did not act to protect himself by taking the before-mentioned steps which were available to him within the Selective Service System. It should be noticed that if the registrant had been entirely forthright with the Local Board and had notified it of the miscarriage, immediately after it occurred, he might have been inducted long ago. By failing to notify the Board of the miscarriage he has obtained for himself a postponement of induction of almost a year.

By this postponement he has caused some other registrant (later in line) to take his place in the military service.

██ This may seem like a harsh result since other fathers are not being inducted at this time, and I have no way of determining with certainty whether this registrant (the plaintiff) acted deliberately or merely ignorantly.[3] It is certain, however, that he was dilatory. The Selective Service officials are of the opinion that in their discretion no relief should be given to him. In my opinion, under the circumstances of the present case, a court should not overrule them in their considered decision. It is clear from the many court cases that courts are extremely reluctant to inject themselves into Selective Service problems. Certainly in this case a court should not do it.

The government has argued that a registrant under the Selective Service Act cannot attack in court actions of the Selective Service officials until he has reported for induction, and that since the registrant in this case has not yet reported for induction the present action is premature. Since I am deciding the case against the plaintiff for other reasons it is not necessary for me to decide the question raised by this contention of the government. The question has come up in Falbo v. United States, 320 U.S. 549, 64 S.Ct. 346, 88 L.Ed. 305 and Gibson v. United States, 329 U.S. 338, 67 S. Ct. 301, 91 L.Ed. 331.

It is ordered as follows: (1) The restraining order is dissolved, (2) The requested injunction is refused, (3) The action requesting a restraining order is dismissed, (4) The action requesting an injunction is dismissed, (5) It is adjudged in the declaratory judgment action that the plaintiff is not entitled to be classified in class 3A.

3. He knew enough to obtain a 3A classification based on the first pregnancy.